**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JAMES FORTUNE,<br><br>                Plaintiff,<br><br>- against -<br><br>POPDUST INC., and DOES 1 through 10 inclusive,<br><br>                Defendants. | Case No.   **1:21-cv-3706**<br><br>**COPYRIGHT INFRINGEMENT** |

## COMPLAINT

Plaintiff James Fortune, for his Complaint against Popdust Inc., and DOES 1 through 10 inclusive, alleges as follows:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.      This court has personal jurisdiction over Defendants because Defendant's acts of infringement complained of herein occurred in the state of New York, Defendant's acts of infringement were directed towards the state of New York, Defendant caused injury to Plaintiff within the state of New York, and Defendant has a physical presence in the state of New York.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or Defendant is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff James Fortune ("Fortune") is an individual and retired professional photographer.

6. Popdust, Inc. ("Popdust") is a Delaware corporation with its principal place of business at 6 West 20th Street, 3rd Floor, New York, New York 10011, c/o David Wade (Registered Agent) 49 West 24th St., 5th Floor, New York, New York, 10010.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. James Fortune is a retired professional photographer.

9. Because Fortune is retired, he is dependent on generating license revenue from his life's work.

10. Fortune's career began with coverage of the 1966 L.A. riots on Sunset Boulevard when his picture of protesters on a bus roof was published around the world. In 1967, he photographed Jim Morrison and the Doors for his college newspaper, kicking off a career documenting rock music icons.

11. From 1968 to 1969, Fortune took a short break from photographing rock bands to serve as a U.S. Navy combat photographer in Vietnam. During the Vietnam War, Fortune also served six months as a

combat photographer with the United States Pacific Fleet Combat Camera Group.

12.   After completing his tour of duty, Fortune became a regular fixture in the backstage areas and VIP sections of the nation's largest musical events.

13.   Fortune spent more than a decade photographing rock and roll icons such as Mick Jagger, Paul McCartney, Iggy Pop, Jim Morrison, Elton John, and countless others.

14.   Fortune's photographs are iconic and recognizable. Posters of his work adorned the bedroom walls of America's youth in the 1970s and early 1980s.

15.   Fortune has a catalog of over 15,000 images from the 1960s and 1970s that contains shots of everything from the hippie riots in Hollywood to Gene Simmons and Cher sharing an eclair.

16.   Over 150 of Fortune's iconic shots are part of the permanent collection of the Rock and Roll Hall of Fame in Cleveland.

17.   In 2016, The Smithsonian Anacostia Museum in Washington DC. chose several of Fortune's photographs to be included In their "Washington DC, 1965–1975" year–long show. In 2017, Smithsonian Books published "Smithsonian Rock and Roll," which featured Fortune's 1973 Led Zeppelin photograph on the front and back cover, plus 7 pages of photographs published inside.

18.   Over the past 40 years, Fortune's insightful and intimate images have been seen by millions in books, magazines, album covers, and other worldwide media.

19.   Fortune is the sole author and exclusive rights holder to a photograph of Iggy Pop posing with Sable Starr and Lori Maddox, two famous "baby groupies" ("Iggy Pop Photograph").

20.   Attached hereto as Exhibit A is a true and correct copy of the Iggy Pop Photograph.

21.   Fortune registered the Iggy Pop Photograph with the United States

Copyright Office. The Iggy Pop Photograph is registered under Registration Number VAu 477-427.

22.     Defendant Popdust is the world's foremost authority on pop music.

23.     Popdust provides its users with mix of news and opinion coverage, interviews, reviews, music premieres, and original video and content features on today's biggest and brightest pop, hip-hop, R&B and country stars.

24.     Popdust    is    the    owner    and    operator    of    the    website https://www.popdust.com ("Website").

25.     Popdust's Website helps Popdust promote its name and recognition and draws traffic and attention to the literary content it produces. The Website is readily accessible to the general public throughout New York, the United States, and the world.

26.     Popdust also uses advertisements on its Website to monetize the content on the Website.

27.     On or about November 16, 2020, Fortune discovered the Iggy Pop Photograph being used by Popdust on its Website in an article entitled "Ryan Adams Was the Tip of an Iceberg", dated 03.04.2019, discussing how male music icons have mistreated women in the music industry.

28.     Prior to Fortune's discovery, Fortune had never heard of nor visited the Website.

29.     Attached hereto as Exhibit B is a true and correct copies of the Iggy Pop Photograph as displayed on Popdust's Website, or allowed its employees, agents, contractors or others over whom it has responsibility and control with regard to the content of its Website to display the Iggy Pop Photograph on the Website.

30.     Fortune is informed and believes that Popdust uploaded the Iggy Pop Photograph, or allowed its employees, agents, contractors or others over whom it has responsibility and control with regard to the content of its Website to upload the

Iggy Pop Photograph onto the Website.

31.   Fortune has made several attempts to settle this case prior to the filing of this Complaint.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq*

32.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.   Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Iggy Pop Photograph.

34.   Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Iggy Pop Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Iggy Pop Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in an infringing post on Defendant's Website.

35.   On information and belief, the Iggy Pop Photograph was uploaded onto Popdust's Website on or about March 4, 2019, and has been continuously displayed on Popdust's Website since that time, and still remains on the Website as of this writing.

36.   As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

37.   As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

38.   Plaintiff is also entitled to injunctive relief to prevent or restrain

infringement of his copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Iggy Pop Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.


Dated:    June 30, 2021                    Respectfully submitted,


**/s/ Rayminh y L. Ngo**
Rayminh L. Ngo, Esq.
EDNY No. RN4834
**HIGBEE & ASSOCIATES**
(**Of Counsel**)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(305) 764-9262
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Attorney for Plaintiff*